WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle L. Ader,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-3854-PHX-DKD<br><br><br>**ORDER** |

Plaintiff Michelle L. Ader appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that the ALJ's decision contained legal errors and so a remand for an award of benefits is appropriate.

<u>Time Frame</u>. In this matter, the relevant time period is finite and begins on the alleged onset date of October 1, 2010, and ends when Ader's Title II disability insurance benefits ended on March 30, 2014.[1] (Tr. 39) As a result, Ader's burden is to show that she was disabled before March 30, 2014. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984).

---

[1] On appeal, Ader does not challenge the ALJ's conclusion that her benefits ended on March 30, 2014. (Tr. 39) This date—neither the end of the month or a quarter—is not explained in the record. (Tr. 61) However, because it is not dispositive to this Order, the Court will not require the Commissioner to supplement the record with an explanation.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1988). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

**Analysis**

Ader, proceeding *pro per*, raises several related challenges to the ALJ's decision. (Docs. 25, 30)

Psychological Consultative Evaluation. Ader was evaluated at the request of the State agency by Renee Behinfar, Psy.D. (Tr. 575-80) In her subsequent written report, Dr. Behinfar concluded that Ader had unspecified bipolar disorder and unspecified anxiety disorder. (Tr. 577) This conclusion is uncontroverted. (Tr. 37-47) In her opinion, the ALJ gave Dr. Behinfar's opinion "little weight." The relevant paragraph of ALJ decision states as follows:

> Little weight is afforded to the opinion of the Consultative Examiner Renee Behinfar, Psy.D. who concluded the claimant would have cognitive limitations from her mental impairments. (8F) Specifically, the examiner concluded the claimant could understand simple instructions and would require greater than average time to adapt. (8F) The undersigned finds the opinion is inconsistent with and unsupported by the evidence. The claimant got married and had two children during the alleged disability period. She raises the two minor children in her household, drives independently, can

> attend to personal care limited only by physical impairments, shops for groceries, can watch television without reported difficulty in understanding and following story/plot-lines, was cooperative during her examinations with consultative examiners and is not in any formal mental health treatment (See Exhibits 5E, 8F, 9F, 10F). Further, the claimant has never been hospitalized due to severe decline in mental health. The foregoing suggests a level of cognitive ability inconsistent with the opinion of Dr. Behinfar, accordingly, the opinion is afforded little weight.

(Tr. 41)

To assign little weight to Dr. Behinfar's uncontroverted opinion, the ALJ needed to provide "'clear and convincing' reasons for doing so." *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (citations omitted). The Court has reviewed the relevant portions of the record and concludes that the ALJ has not provided clear and convincing reasons for rejecting Dr. Behinfar's opinion.

The ALJ's first series of justifications—Ader's marital status and her ability to drive, shop, watch television, and cooperate with examiners—do not show that Ader can work and instead fall squarely into the category of daily activities that do "not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Accordingly, these explanations are not clear and convincing reasons to afford little weight to Dr. Behinfar's opinion.

The ALJ also mentioned Ader's ability to raise her two minor children as evidence that undermined Dr. Behinfar's opinion. (Tr. 41) This is not a valid reason because it misstates the record: Ader's uncontradicted testimony at the hearing was that her mother had moved into her house during the relevant time period to help Ader with her young children. (Tr. 66-67) Next, the ALJ mentioned that Ader was "not in any formal mental health treatment." (Tr. 41) This is also incorrect: Ader established care with Southwest Behavioral Health in May 2012 at the request of her primary care physician who had been managing her medications for depression and anxiety and was concerned because she had been "experiencing severe symptoms of depression." (Tr. 524) Ader continued to receive care from Southwest Behavioral Health until January 2014 when she changed

providers for insurance reasons. (Tr. 636) In other words, she spent the entire relevant time period on psychiatric medication and at least half of the relevant time period receiving formal mental health treatment. (Tr. 511-574; 625-636) Finally, the ALJ noted that Ader had "never been hospitalized due to severe decline in mental health." (Tr. 41) This was an accurate statement for the relevant time period but the Court notes that Ader was hospitalized for depression as a teenager.[2] (Tr. 517)

In conclusion, the Court finds that the ALJ provided no legally sound reasons for providing little weight to Dr. Behinfar's uncontroverted opinion that Ader had unspecified bipolar disorder and unspecified anxiety disorder.

<u>Treating Physician</u>. From February 2012 to December 2013, Ader was a patient at Integrated Medical Services Pain Management where she received regular treatment for neck pain and global pain. (Tr. 391-433) These records document an increase in Ader's pain, her difficulty walking and balancing, and contain a diagnosis of fibromyalgia. (Tr. 391, 423) In other words, these records address the same issues presented by Ader's application for benefits.

Ader notes that the ALJ did not address these medical records in the decision but should have. (Doc. 25 at 28) The Court agrees. "In making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record." 42 U.S.C. § 423(d)(5)(B). The ALJ should have considered these records and the failure to do so constitutes legal error. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (citing 20 C.F.R. § 404.1513(e)(2)).

. . .

. . .

. . .

---

[2] In response, the Commissioner also notes that Ader had enrolled in community college classes during the relevant time period and argues that this supports the ALJ's decision. However, this evidence was not used by the ALJ to support the weight assigned to Dr. Behinfar's opinion and, therefore, cannot be used to back-fill the ALJ's conclusion.

**Remand**

The decision to remand a case for additional evidence or for an award of benefits is within the discretion of this court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The court can remand a case with instructions to award benefits when

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, all three parts of this test have been met. First, the record was fully developed for the fixed time period at issue and further administrative proceedings would impermissibly allow the "ALJ to have a mulligan." *Id.* at 1021. Second, as described above, the ALJ did not provide a sufficient explanation for rejecting the opinion of the consultative examiner or for failing to address the evidence in the record from her treating physician. Finally, if the ALJ had provided great weight to Dr. Behinfar's opinion and had incorporated the information contained in the records from Integrated Medical Services Pain Management, the ALJ would have found that Ader was disabled.

**IT IS THEREFORE ORDERED** that Ader's claim for disability is remanded to the Commissioner of the Social Security Administration for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of this Court.

Dated this 7th day of December, 2017.

_____
David K. Duncan
United States Magistrate Judge